IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY GREEN,** | } |
| **Plaintiff,** | } |
| v. | } Case No. 2:24-cv-00364-SLB |
| **LELAND DUDEK,**<br>**Acting Commissioner,**<br>**Social Security Administration,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Plaintiff Kimberly Green appeals the decision of the Commissioner of Social Security denying her Title II and Title XVI applications for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court WILL AFFIRM the Commissioner's decision.

**I. STANDARD OF REVIEW**

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept

as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## II. PROCEDURAL HISTORY

Ms. Green applied for disability insurance benefits and supplemental security income, alleging disability beginning on July 24, 2020. (R. at 242, 248). The Commissioner denied Ms. Green's claims and her motions for reconsideration. (*Id.* at 137–172). Following the denials by the Commissioner, Ms. Green requested a hearing before an Administrative Law Judge ("ALJ") (*Id.* at 175). During the

hearing, Ms. Green amended the alleged onset date of her disability to January 9, 2023. (*Id*. at 10). After an oral hearing, the ALJ issued an unfavorable decision regarding Ms. Green's claims. (*Id*. at 7-29). Ms. Green then requested the Appeals Council review the ALJ's decision which was subsequently denied. (*Id*. at 1-6). The Commissioner's decision is now final, and Ms. Green's appeal is fully briefed and ripe for judicial review. *See,* 42 U.S.C. § 405(g).

## III.  ALJ DECISION

Social security regulations require that disability is determined under a five-step evaluation process. To determine whether a claimant qualifies for disability, the ALJ must evaluate:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178; 20 C.F.R. §§ 416.920(a)(4)(i)-(v).

At the time of her hearing, Ms. Green worked approximately 12 hours a week as a companion sitter. (R. at 71). Following her testimony, the ALJ determined that

while Ms. Green worked after the amended alleged disability onset date of January 9, 2023, the "work activity did not rise to the level of substantial gainful activity." (R. at 12). The ALJ found Ms. Green has the following severe impairments that have "more than a minimal effect on [her] ability to perform basic activities for a continuous period": obesity, degenerative disc disease, degenerative joint disease in the right knee, and carpal tunnel syndrome. (*Id*. at 12-13). Ms. Green has also been diagnosed with essential hypertension, hyperlipidemia, depression, and anxiety. (*Id*. at 13). The ALJ determined these medical conditions were non-severe impairments. (*Id*.).

After a thorough review of the entire record, the ALJ concluded that Ms. Green does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id*. at 15). The ALJ determined Ms. Green had the residential capacity to perform light work with additional restrictions, such as avoiding ladders, ropes, scaffolds, moving mechanical parts, and high exposed places. (*Id*. at 17). The ALJ found Ms. Green unable to perform any past relevant work due to her medical conditions. (*Id*. at 22). However, after considering her age, education, work experience and residual function capacity, as well as the testimony of a vocational expert, the ALJ concluded "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as "merchandise marker" and

"router". (*Id*. at 22-23). Accordingly, the ALJ found Ms. Green "is not disabled under sections 216(i) and 223(d) of the Social Security Act" based on her application for a period of disability and disability insurance benefits and "is not disabled under section 1614(a)(3)(A) of the Social Security Act" based on her application for supplemental social security income. (*Id*. at 24).

## IV. DISCUSSION

Ms. Green argues that the court should reverse the Commissioner's decision because "[t]he ALJ failed to fully and fairly develop the medical record to determine Plaintiff's residual functional capacity" and "[t]he ALJ failed to properly evaluate Plaintiff's Testimony." (Doc. 10 at 2-3). The court will address both arguments in turn.

### A. The ALJ's Failure to Fully and Fairly Develop the Medical Record

Ms. Green states that "the ALJ failed to fully and fairly develop the medical record and failed to properly determine Ms. Green's residual functional capacity." (*Id*. at 3). The ALJ found Ms. Green limited to light work with the following limitations:

> [S]he is limited in her ability to climb and to perform certain postural maneuvers that could exacerbate pain. Due to the [carpal tunnel syndrome], I limited her to frequent handling and fingering bilaterally. Due to possible slower reaction time and as a safety precaution, she should never climb ladders, ropes, or scaffolds or work

5

around workplace hazards such as moving mechanical parts and high, exposed places. She should also never climb ladders, ropes, or scaffolds or work at high, exposed places, as these pose a fall risk that could exacerbate pain or cause new or further injury.

(R. at 22). Ms. Green argues the ALJ failed to consider recent medical testimony in making his determination and instead relied on opinions from both a treating physician and state agency consultants from years prior. (Doc. 10 at 3). The record does not support this assertion, and the burden is on Ms. Green to provide evidence showing her residual functional capacity. *See* 20 C.F.R. § 404.1512(a).

The ALJ did not ignore the post-onset records, but rather considered and discussed the post-onset records at length in making the RFC determination. (R. at 19.) Moreover, the ALJ has the duty to consider all the relevant record evidence in making the RFC determination. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Plaintiff failed to provide the court with any persuasive support for precluding the ALJ from considering and referencing the pre-onset date opinions.

Contrary to Ms. Green's argument, the ALJ discussed MRIs, x-rays, and medical treatment notes from multiple appointments in the months between Ms. Green's amended onset date and the date of her hearing in his decision. (R. at 19). The ALJ accurately summarized Ms. Green's medical records, including her recent visits to Dr. Poczatek regarding the functional capacity of her right knee. (*Id.*). The ALJ acknowledged that while DDS consultants determined that Ms. Green had the

residual functional capacity to perform medium exertion, he found that "[e]vidence developed since this review indicates additional impairments and a more restrictive physical residual functional capacity are appropriate for the entire period under consideration." (*Id*. at 21). Ultimately, the ALJ disagreed with the findings of the DDS consultants considering the new evidence developed since their review. (*Id*. at 17). Accordingly, the ALJ determined Ms. Green has the residual function capacity to perform light work with additional restrictions. (*Id*. at 17).

Additionally, Ms. Green argues the ALJ erred by not ordering a consultative examination of her conditions considering the new MRI evidence. (Doc. 10 at 7). Ms. Green states,

> The ALJ should have requested a medical opinion from a treating doctor, an examining consultant, and/or taken testimony from a non-examining medical consultant regarding Ms. Green's physical functioning since January 2023 given that the record contains no evidence on this important issue despite the Agency finding Plaintiff has severe impairments of degenerative disc disease, degenerative joint disease in the right knee, and carpal tunnel syndrome.

(*Id*.). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269

7

(11th Cir. 2007). As previously discussed, the ALJ had sufficient evidence to make an informed decision and relied upon the entirety of the record.

Furthermore, Ms. Green did not request a second consultation following her amended onset date, nor did Ms. Green request a delay in her hearing date. Ms. Green had an ongoing duty to disclose any updates to her medical history before the date of her hearing decision. *See* 20 C.F.R. § 404.1512(a) ("This duty is ongoing and requires you to disclose any additional related evidence about which you become aware . . . including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision."). If Ms. Green felt the evidence submitted to be insufficient to support a finding of disability, she held the burden to request a second consultation. As the record contained sufficient evidence for the ALJ to make an informed decision, he was not required to order an additional consultation. Accordingly, the ALJ did not fail in his duty to develop the record.

### B. The ALJ's Failure to Properly Evaluate Plaintiff's Testimony

Ms. Green states that the ALJ failed to properly evaluate her testimony regarding her conditions in accordance with the Eleventh Circuit's subjective testimony standard. (Doc. 10 at 9-13). To establish disability through testimony, a claimant must show evidence of an underlying medical condition and either (1)

"objective medical evidence that confirms the severity of the alleged [symptoms] arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged" symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "If [an] ALJ decides not to credit a [claimant's] testimony about her subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so unless the record obviously supports the credibility finding." *Meehan v. Comm'r of Soc. Sec.*, 776 Fed. App'x 599, 603 (11th Cir. 2019). If supported by substantial evidence in the record, a court must not disturb a proper credibility finding. *Id*.

During her hearing with the ALJ, Ms. Green testified that the pain in her knee prevented her from working more than 12 hours a week. (R. at 72). She asserted her pain often prevents her from sleeping and affects her ability to stand. (*Id*. at 73-74). When this happens, Ms. Green states she is unable to work on those days. (*Id*.). Ms. Green reported she recently began using a cane she received from a client to alleviate her knee pain, and she wore braces on both arms to alleviate her carpal tunnel syndrome. (*Id*. at 69, 72). She testified that on the days she does not work, she must keep her knee elevated "just so that [she] can start the next day." (*Id*. at 73). In addition to the cane and elevation, Ms. Green primarily relies on hot and cold therapy, a prescription pain cream, and over the counter medications to treat her pain. (*Id*. at 73, 78). Finally, Ms. Green stated she required the help of her children for

9

basic household chores, needed assistance to exit the bathtub, and avoided driving due to her knee condition. (*Id*. at 73).

After reviewing Ms. Green's subjective testimony, the ALJ found that Ms. Green's "statements concerning the intensity, persistence and limiting effects of the severe impairments are not consistent with the objective medical evidence." (*Id*. at 18). The ALJ observed that "[w]hile it is reasonable the [Ms. Green] may experience some symptoms that would cause some exertional and non-exertional limitations, the objective medical evidence does not support a finding of disability." (*Id*.). In reaching this conclusion, the ALJ relied on 1) the testimony from Ms. Green's employer stating Ms. Green "regularly reported to work, but could not complete her work in the same amount of time as others and could not complete her duties without assistance;" 2) inconsistencies in her testimony regarding her pain level and the pain level she reported at recent doctor's appointments; and 3) the absence of a "documented medical need" for a cane. (*Id*. at 18-20). Ultimately, the ALJ found Ms. Green's "impairments would reasonably limit her to light work" and she "is unable to perform past relevant work," but she "is capable of making a successful adjustment to other work." (*Id*. at 22-23).

Ms. Green contends that the ALJ incorrectly stated she needed a prescription to use a cane and that the ALJ made an "erroneous finding about use of a cane and ma[de] no more than a boilerplate conclusion that Ms. Green's statements are not

supported." (Doc. 10 at 11-12). On the contrary, the ALJ explained that Ms. Green failed to meet the Social Security Administration's evidence requirement from a medical source describing how she walks with the device. (R. at 20) (Soc. Sec. Admin., 20 C.F.R. § 404 Subpart P, app. 1, Part A (2023) ("If you use a hand-held assistive device, we need evidence from a medical source describing how you walk with the device.")). As Ms. Green did not offer evidence describing how she utilizes the cane to walk, the ALJ did not err in his conclusion.

Additionally, the ALJ explained in detail the inconsistencies between the testimony of her employer and her testimony regarding her ability to work and attendance at work as well as the inconsistencies in her reported pain level at recent doctor's appointments and reported pain levels during her testimony. (*Id*. at 18-19). The ALJ credited her subjective testimony to the extent that it is consistent with his decision that she is unable to perform her past work, and her "impairments would reasonably limit her to light work." (*Id*. at 22). Therefore, the ALJ considered Ms. Green's subjective complaints as well as the record as a whole and adequately explained the decision not to fully credit Ms. Green's alleged limitations on her ability to work. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1278–79 (11th Cir. 2024).

## V. CONCLUSION

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and that the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** this the 20th day of March, 2025.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE